[Sac. No. 3151.  In Bank.—September 27, 1920.]

JOHN C. MARCH, Petitioner, v. THE BOARD OF SUPERVISORS OF SACRAMENTO COUNTY et al., Respondents.

[1] ELECTION LAW — CANDIDATES FOR JUDGES OF SUPERIOR COURT — PRINTING OF NAMES ON BALLOT—MAJORITY CANDIDATES.—Where there were three judges of the superior court to be elected at a general election, and each of three of the candidates at the primary election received the votes of a majority of those participating in such election, and no other candidate received a majority vote, the names of such three candidates are the only names of candidates for such office that may lawfully be printed on the ballot for the general election.

APPLICATION for a Writ of Mandate to require the printing of the name of a candidate for judge of the superior court on general election ballot.  Denied.

The facts are stated in the opinion of the court.

Martin I. Welsh  for Petitioner.

THE COURT.—The petition shows that there being three judges of the superior court of Sacramento County to be elected at the general election to be held November 2, 1920, each of three of the candidates for such office at the primary election held on August 30, 1920, received the votes of a majority of those participating in such primary election. No other candidate received a majority vote.   [1]  This being the situation, the names of these three candidates are the only names of candidates for such office that may lawfully be printed on the ballot for the general election (Direct Primary Law, [Stats. 1913, sec. 23, p. 1404]), with the result that the names of the other two candidates whose names were printed on the primary ballot and the name of petitioner, a "write-in" candidate not receiving a majority vote, may not be printed on such ballot.

The application is denied.

All the Justices concurred.